IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OVA 467 "JANE DOE," | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-3928 |
| | : | |
| DARBY BOROUGH POLICE | : | |
| DEPARTMENT, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

SÁNCHEZ, C.J.                                                                                     OCTOBER 17, 2022

Plaintiff, who filed this civil action under seal using a pseudonym, OVA 467 "Jane Doe," asserts claims against the Darby Police Department, three of its officers — Officers James Pisiani, Cuddhy, and Mulhern,[1] and the Darby Borough Administrator.[2] (ECF No. 1.) Plaintiff has also filed a Motion for Leave to Proceed *In Forma Pauperis*, a Motion for Protective Order, and a Motion to Seal. (ECF Nos. 2-4.) The Court will grant Plaintiff leave to proceed *in forma pauperis*, dismiss her Complaint, and deny her other Motions.[3]

---

[1] The Complaint does not include Officer Cuddhy and Mulhern's first names.

[2] This Defendant is listed on the docket as "Darby Borough Administration," likely due to the lack of clarity in Plaintiff's handwriting.

[3] Plaintiff has not satisfied the heavy burden of establishing that this docket must remain sealed, especially since, for purposes of this Memorandum, the Court has permitted her to proceed by pseudonym. *See Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (explaining that a "party seeking to seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury' to the party seeking closure"); *Del Nero v. NCO Fin. Sys., Inc.*, No. 06-04823-JDW, 2021 WL 2375892, at *1 (E.D. Pa. June 10, 2021) ("Despite the public interest to protect crime victims, Mr. Del Nero does not demonstrate that his interest in anonymity outweighs the public's fundamental right to access public records"). Nor has Plaintiff established a basis for this Court to enter a protective order "for herself and her relatives minors included." (ECF No. 3 at 2.)

**I.      FACTUAL ALLEGATIONS**

The Complaint is somewhat difficult to understand because Plaintiff's handwriting is unclear. As best as the Court can discern, Plaintiff asserts "civil rights violations" based on allegations that police officers either prevented her from making a report or falsified some of the information in a police report so as to "impede an investigation" into crimes allegedly committed against her. (Compl. at 3-4.) Plaintiff alleges that she was "made to explain her past employment as a former police officer" and that Officer Pisiani, who took the report, "unjustly included [in the report] the name of one of the officers that the plaintiff testified against involving domestic violence and PFA matters." (*Id.* at 3 & 7.) Plaintiff alleges that Officer Pisiani used "trickery" by asking for a possible motive, allegedly to discredit Plaintiff "so that the crime of a physical sex assault would not be investigated allegedly involving [illegible] a current officer." (*Id.* at 4; *see also id.* at 7.) Although unclear, Plaintiff appears to be alleging that Officers Cuddhy and Mulhern prevented her from reporting Pisiani for his behavior. (*Id.* at 4.)

Plaintiff alleges that she was "denied the right to report stalking [illegible] to sexual assault." (*Id.* at 5.) For relief, Plaintiff seeks the removal of her name from the "bogus report written by . . . Pisiani," which she describes as "libel, defamation," as well as $900,000 in damages. (*Id.* at 5 & 7.)

**II.     STANDARD OF REVIEW**

The Court will grant Plaintiff leave to proceed *in forma pauperis* because it appears that she is not capable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. The Court must also review the pleadings and dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). As Plaintiff is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.   DISCUSSION

#### A.  Civil Rights Claims

Plaintiff's Complaint is best construed as raising civil rights claims pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The thrust of Plaintiff's claims is that when she sought to report crimes that had been committed against her, Officer Pisani included information in that report that was false with the intention of thwarting an investigation into those crimes. However, there is no independent right to a police investigation or to the arrest and prosecution of a third party. *See Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation."); *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) ("[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." (quotations omitted)); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (explaining that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Nor are any constitutional rights implicated by an inaccurate police report. *See Burns v. Femiani*, 786 F. App'x 375, 380 (3d Cir. 2019) (*per curiam*) ("As the District Court explained, the gravamen of Appellants' § 1983 claim is that the Pennsylvania State Troopers filed an incorrect – or, at best, false – police report; such allegations are insufficient to implicate the denial of a constitutional right."); *Jarrett v. Twp. Of Bensalem*, 312 F. App'x 505, 507 (3d Cir. 2009) ("We thus agree with the District Court that the mere existence of an allegedly incorrect police report fails to implicate constitutional rights."); *Landrigan v. City of Warwick*, 628 F.2d 736, 744 (1st Cir. 1980) ("[W]e do not see how the existence of a false police report, sitting in a drawer in a police station, by itself deprives a person of a right secured by the Constitution and laws."). Accordingly, Plaintiff cannot state a constitutional claim based on her allegations that the Officers falsified her police report and did not investigate the crimes she sought to report.

Liberally construing the Complaint, it appears Plaintiff also seeks to raise retaliation and equal protection claims based on the way her reports were or were not handled.  "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  Plaintiffs pursuing an equal protection claim must allege that they were purposefully discriminated against, in that "they received different treatment from that received by other individuals *similarly situated*." *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005) (emphasis in original).  "Persons are 'similarly situated' for purposes of an equal protection claim when 'they are alike in all relevant aspects.'" *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (emphasis omitted).  Since Plaintiff has not alleged plausibly that she was treated differently from others similarly situated, she has not pled an equal protection claim.

Nor has Plaintiff pled a retaliation claim.  To state a plausible First Amendment retaliation claim, a plaintiff must allege that:  (1) she engaged in constitutionally protected conduct; (2) she suffered an adverse action sufficient to deter a person of ordinary firmness from exercising her constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action.  *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).  Even assuming that the first two elements have been met, Plaintiff has not alleged sufficient facts from which a plausible inference could be drawn that her treatment was based on a retaliatory motive.  Accordingly, this claim fails.

Since Plaintiff has not pled a plausible constitutional violation, her § 1983 claims fail.  However, her claims against the Darby Borough Police Department and Darby Borough

5

Administrator fail for additional reasons.  Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions.  *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993).  Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not.  *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability").  Accordingly, Plaintiff cannot state a § 1983 claim against the Darby Borough Police Department.[4]  Nor has Plaintiff stated a plausible claim against the Darby Borough Administrator because the Complaint fails to allege how this Defendant was personally responsible for the alleged violations of Plaintiff's rights, whether in an individual or supervisory capacity.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable); *see also Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015) (explaining that supervisors may be liable under § 1983 if they

---

[4] In any event, Plaintiff has failed to allege that a municipal policy or custom led to the violation of her rights, as she would have to do to state a § 1983 claim against a municipality.  *See Monell*, 436 U.S. at 694 (holding that to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation); *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009) (explaining that a plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard).

established and maintained an unconstitutional policy or custom, directed others to violate the plaintiff's rights, or had knowledge of and acquiesced in their subordinates' conduct).

### B. State Claims

Liberally construing the Complaint, it appears Plaintiff seeks to raise a defamation claim under Pennsylvania law.[5] However, there is no independent basis for the Court's jurisdiction over any such claim.[6] District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which means that "unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen

---

[5] To the extent Plaintiff sought to bring a constitutional claim based on alleged defamation, her claim fails. An individual does not have a protected constitutional interest in reputation alone. *See Thomas v. Independence Twp.*, 463 F.3d 285, 297 (3d Cir. 2006) (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976)). Instead, "defamation is actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution." *Clark v. Twp. of Falls*, 890 F.2d 611, 619 (3d Cir. 1989) (citing *Paul*, 424 U.S. at 701-12). Therefore, a plaintiff must plead a "stigma-plus" claim in her complaint. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006) (noting that "to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest") (emphasis in original). Plaintiff has failed to state such a claim because the Complaint is unclear on what the allegedly defamatory remarks were — rather, Plaintiff appears to allege that unnecessary information, as opposed to defamatory information, was included in the police report — and in any event does not allege the deprivation of any additional right or interest sufficient to state a "stigma-plus" claim.

[6] Because the Court has dismissed Plaintiff's federal claims, the Court will not exercise supplemental jurisdiction over any state law claims.

of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

In the relevant portion of the form complaint that she used to prepare her pleading, Plaintiff indicated that she is a citizen of "US," rather than identifying her state of citizenship as requested by the form, and identified the Defendants' citizenship as "Government." (ECF No. 1 at 4.) Additionally, Plaintiff provided a Delaware address for service and provided the same address for all of the Defendants in Darby, Pennsylvania, which appears to be an address for the Darby Borough Police Department where the individual Defendants are employed. (*Id.* at 1 & 3). Even assuming Plaintiff resides in Delaware, residency is not equivalent to citizenship for purposes of determining diversity jurisdiction. *Voorhees v. Tolia*, 761 F. App'x 88, 91 (3d Cir. 2019) (*per curiam*) ("Allegations of an individual's residence are insufficient to allege that individual's citizenship."); *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 35 (3d Cir. 2018) ("Alleging residency alone is insufficient to plead diversity of citizenship . . . ."). Accordingly, Plaintiff has not adequately pled the citizenship of herself or the individual Defendants,[7] and has therefore failed to adequately allege that the parties in this case are diverse for purposes of § 1332.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff leave to proceed *in forma pauperis*, dismiss her Complaint, and deny her Motions. Plaintiff's § 1983 claims against the Darby Borough Police Department and her § 1983 claims based solely on the alleged falsity of

---

[7] The Darby Borough Police Department is a citizen of Pennsylvania. *Westfall Twp. v. Darwin Nat. Assur. Co.*, No. 14-1654, 2015 WL 106578, at *2 (M.D. Pa. Jan. 7, 2015) ("The citizenship of Westfall Township is not disputed: it is a town in Pennsylvania so is considered a citizen of Pennsylvania.").

the police report and/or the failure to investigate the allegations in the report will be dismissed with prejudice.  All remaining claims will be dismissed without prejudice to Plaintiff filing an amended complaint in the event she can clearly state a plausible claim within the Court's jurisdiction.   An appropriate Order follows, which provides further instruction as to amendment.[8]

                               **BY THE COURT:**

                               **/s/ Juan R. Sánchez**
                               **JUAN R. SÁNCHEZ, C.J.**

---

[8] For purposes of this Memorandum, the Court permitted Plaintiff to proceed by pseudonym, because that is how she filed her Complaint.  Litigants may proceed anonymously in "exceptional cases" upon a showing of *"*(1) a fear of severe harm, and (2) that the fear of severe harm is reasonable."  *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (internal quotations omitted).  The United States Court of Appeals for the Third Circuit has identified a non-exhaustive list of factors that are relevant to a litigant's request to proceed by pseudonym.  Factors favoring anonymity include:

> "'(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.'"

*Id.* (quoting *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467-68 (E.D. Pa. 1997)).  Factors that disfavor anonymity include:

> "'(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.'"

*Id.* (quoting *Provident Life*, 176 F.R.D. at 467-68).  If Plaintiff seeks to continue to proceed by pseudonym, she must file a motion seeking to proceed by pseudonym.